Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2473 S. Higley Road
Suite 104, #308
Gilbert, Arizona 85297
Office:  (480) 756-8822
Fax:  (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Robert J. Dittmar**, an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Thunderbird Collection Specialists, Inc.**, an Arizona corporation; | |
| Defendant. | (Jury Trial Demanded) |

Plaintiff, Robert J. Dittmar, by and through counsel undersigned and in good faith, alleges as follows:

**I.   PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"), and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*.  In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendant

engaged in deceptive, unfair and / or abusive debt collection practices in violation of the FDCPA. Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

**II.  STATUTORY STRUCTURE OF FDCPA.**

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists.  <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who

1 uses any instrumentality of interstate commerce or the
2 mails in any business the principal purpose of which is
3 the collection of any debts, or who regularly collects
4 or attempts to collect, directly or indirectly, debts
5 owed or due or asserted to be owed or due to another.
6 FDCPA § 1692a(6).
7 7. Any debt collector who fails to comply with the
8 provisions of the FDCPA is liable for any actual damage
9 sustained; statutory damages up to $1,000; attorney's
10 fees as determined by the Court and costs of the action.
11 FDCPA § 1692k.

### III.   STATUTORY STRUCTURE OF FCRA.

13 8. When Congress enacted the FCRA in 1970, it recognized
14 that "Unfair credit methods undermine the public
15 confidence which is essential to the continued
16 functioning of the banking system." FCRA § 1681(a)(1).
17 9. Congress crafted the FCRA to protect consumers from the
18 transmission of inaccurate information about them.
19 <u>Kates v. Croker National Bank</u>, 776 F.2d 1396, 1397 (9th
20 Cir. 1985).
21 10. In 1996 Congress amended the FCRA imposing upon
22 furnishers of information, such as the defendant herein,
23 detailed and specific responsibilities, including those
24 in FCRA § 1681s-2(b). The furnisher has its own
25 obligation to conduct a reasonable investigation of
26 Plaintiff's disputes. <u>Johnson v. MBNA</u>, 357 F.3d. 426

(4th Cir. 2004); <u>Cushman v. Trans Union Corporation</u>, 115 F.3d 220, 227 (3d Cir. 1997).

11. Any furnisher which fails to conduct a reasonable investigation under FCRA § 1681s-2(b), is liable to the consumer for any actual damages sustained, and if the failure is willful, then actual damages sustained or statutory damages of not less than $100 and not more than $1,000, and punitive damages, together with attorney's fees and costs of the action. FCRA §§ 1681n and *o*.

## IV. JURISDICTION

12. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## V. PARTIES

13. Plaintiff is a citizen of Maricopa County, Arizona.
14. Plaintiff was allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3) and FCRA § 1681a©.
15. Defendant Thunderbird Collection Specialists, Inc. ("TCS") is an Arizona corporation.
16. TCS is licensed as a collection agency by the Arizona Department of Financial Institutions, license number

1   0005528.
2   17. TCS regularly collects or attempts to collect debts owed
3       or asserted to be owed or due another.
4   18. TCS is a "debt collector" as defined by FDCPA §
5       1692a(6).
6   19. TCS is a "person" as defined by FCRA § 1681a(b).
7   20. TCS is a "furnisher" of information as contemplated by
8       FCRA § 1681s-2(a) & (b), who regularly and in the
9       ordinary course of business furnishes information to one
10      or more consumer reporting agencies about consumer
11      transactions or experiences with any consumer.

## VI. FACTUAL ALLEGATIONS

13  21. On or about April 4, 2006, Plaintiff received a copy of
14      his Experian credit report which reflected a collection
15      account reported by TCS.
16  22. The April 4, 2006 credit report showed that in or about
17      December 2005, TCS had reported that Plaintiff owed a
18      medical debt to Advantage Urgent Care.
19  23. On April 15, 2006, Plaintiff sent a letter to TCS
20      disputing the Advantage debt and requesting that it be
21      removed from his Experian credit file.
22  24. TCS received Plaintiff's dispute letter on April 17,
23      2006.
24  25. On April 21, 2006, Plaintiff also disputed the TCS
25      account directly with Experian.
26  26. Upon information and belief, after receiving Plaintiff's

dispute, Experian contacted TCS and requested that TCS investigate the account's validity, and verify its reporting of the account to Plaintiff's credit file.

27. Upon information and belief, TCS received Experian's communication of Plaintiff's dispute and verified back to Experian that it was reporting the account accurately, and that in fact Plaintiff owed the alleged debt.

28. Plaintiff subsequently received notice from Experian that the TCS account had been verified and remained on his credit file.

29. On June 13, 2006, Plaintiff's wife, Madeline Dittmar, called TCS on Plaintiff's behalf and spoke with the TCS collector, Jennifer Pena.

30. Ms. Dittmar told Pena that she and her husband did not owe the debt, and requested that TCS remove the account from Plaintiff's credit file.

31. Pena told Ms. Dittmar that since Plaintiff's adult son had used Plaintiff's insurance, that made Plaintiff liable on the medical debt.

32. Plaintiff also sent TCS a letter on or about June 13, 2006 disputing the Advantage Urgent Care debt and requesting that it be removed from his Experian credit file.

33. TCS received Plaintiff's letter of dispute on June 22, 2006.

34. On or about June 27, 2006, Plaintiff again disputed the TCS account with Experian.
35. Upon information and belief, after receiving Plaintiff's dispute, Experian contacted TCS and requested that TCS investigate the account's validity, and verify its reporting of the account to Plaintiff's credit file.
36. Upon information and belief, TCS received Experian's communication of Plaintiff's dispute and verified back to Experian that it was reporting the account accurately, and that in fact Plaintiff owed the alleged debt.
37. On or about June 30, 2006, Experian notified Plaintiff that the TCS account had again been verified and remained on his credit report.
38. TCS has continued to report inaccurate, derogatory and improper information and failed to retract, delete and/or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.
39. As a result and proximate cause of Defendant's actions, Plaintiff has suffered actual damages.
40. Defendant's actions were intentional, willful, and in gross or reckless disregard of the rights of Plaintiff and as part of its persistent and routine practice of debt collection.
41. In the alternative, Defendant's actions were negligent.

## VII.  CAUSES OF ACTION

### a.  Fair Debt Collection Practices Act

42. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
43. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).
44. As a direct result and proximate cause of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages for which Defendant is liable.

### b.  Fair Credit Reporting Act

45. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.
46. TCS failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comply with FCRA § 1681s-2(b).
47. TCS has wilfully, or alternatively, negligently violated FCRA § 1681s-(b) on multiple occasions.
48. As a result of TCS's actions, Plaintiff has been damaged.
49. Pursuant to FCRA § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to

1 enforce any liability under 15 U.S.C. § 1681o, the costs
2 of the action together with reasonable attorneys' fees.
3 50. As a result of Defendants' negligent failure to comply
4 with the FCRA, Defendants are liable to Plaintiff in an
5 amount equal to the sum of (1) any actual damages
6 sustained by Plaintiff as a result of said failure and
7 (2) the costs of this action together with reasonable
8 attorneys' fees.
9 51. Pursuant to 15 U.S.C. § 1681n, any person who willfully
10 fails to comply with any requirement imposed under the
11 FCRA with respect to any consumer is liable to that
12 consumer in an amount equal to the sum of (1) any actual
13 damages sustained by the consumer as a result of the
14 failure or damages or not less than $100.00 and not more
15 than $1,000.00; (2) such amount of punitive damages as
16 the court may allow; and (3) in the case of any
17 successful action to enforce any liability under 15
18 U.S.C. § 1681n, the costs of the action together with
19 reasonable attorneys' fees.
20 52. As a result of Defendant's willful failure to comply
21 with the FCRA, Defendant is liable to Plaintiff in an
22 amount equal to the sum of (1) any actual damages
23 sustained by Plaintiff as a result of the failure or
24 damages of not less than $100.00 and not more than
25 $1,000.00 for each such violation; (2) such amount of
26 punitive damages as the court may allow; and (3) the

costs of this action together with reasonable attorneys' fees.

### VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages for the FDCPA violations in an amount to be determined at trial;

c) Actual damages under the FCRA, or in the alternative, statutory damages of not less than $100 and not more than $1,000 per violation pursuant to FCRA § 1681n;

d) Punitive damages pursuant to FCRA § 1681n;

e) Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n and/or *o*; and

/ / /

/ / /

- 10 -

1     f)   Such other relief as may be just and proper.

3     DATED <u> August 8, 2006 </u> .

                              <u> s/ Floyd W. Bybee </u>
                              Floyd W. Bybee, #012651
                              **FLOYD W. BYBEE, PLLC**
                              2473 S. Higley Road
                              Suite 104, #308
                              Gilbert, Arizona 85297
                              Office: (480) 756-8822
                              Fax: (480) 756-8882
                              floyd@bybeelaw.com

                              Attorney for Plaintiff