**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Dittmar,        ) | No. CV 06-1925-PHX- SMM |
|              ) | |
| Plaintiff,   ) | **ORDER** |
|              ) | |
| vs.          ) | |
|              ) | |
| Thunderbird Collection Specialists, Inc., ) | |
|              ) | |
| Defendant.   ) | |
|              ) | |

Pending before the Court is Plaintiff Robert Dittmar's ("Plaintiff") Motion for Judgment Upon Default and Memorandum in Support. (Doc. No. 11)

**BACKGROUND**

Plaintiff's complaint was filed in August 8, 2006, alleging claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Defendant Thunderbird Collection Specialists, Inc. ("Defendant"), an Arizona corporation, was properly served on September 16, 2006. To date, Defendant has not made an appearance in this case.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of Court entered default in this matter on September 19, 2006. After a status conference was held on May 7, 2007, Plaintiff filed a Motion for Judgment Upon Default and Memorandum in Support on May 29, 2007.

//

//

**STANDARD OF REVIEW**

It is within the district court's discretion whether or not to enter default judgment. Albade v. Albade, 616 F.2d 1089, 1092 (9th Cir. 1980). Seven factors are generally considered before entering default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy ... favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

**DISCUSSION**

The Complaint in this matter was served upon Defendant and proof of service was filed on August 18, 2006. (Dkt. 6) Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). The Clerk of Court entered default against Defendant on September 19, 2006.

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Entry of default is proper where, as in the present case, the facts established by the default support the causes of action pled in the Complaint. The Complaint and the affidavits filed in support of the motion for entry of default judgment also support the finding that Plaintiff is entitled to the statutory relief requested in the memorandum in support of default judgment, which does not differ in kind from the relief requested in the Complaint. Henry v. Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir. 1974). Moreover, there are no policy considerations to preclude the entry of default judgment of the type requested. See Eitel, 782 F.2d 1at 1471-1472.

**CONCLUSION**

Accordingly,

**IT IS ORDERED GRANTING** Plaintiff's Motion for Judgment Upon Default. (Doc. No. 11).

1     **IT IS FURTHER ORDERED** that the Clerk of Court shall enter Default Judgment
2 against Defendant and in favor of Plaintiff.
3     **IT IS FURTHER ORDERED** that Plaintiff is awarded statutory damages in the amount
4 of $2,000, attorney's fees in the amount of $1,500.00, and costs in the amount of $398.00.
5 See 15 U.S.C. §§ 1692k, 1681n; Fed. R. Civ. P. 54(d)(1).
6     **IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action.
7     DATED this 30th day of August, 2007.

*[signature]*
Stephen M. McNamee
United States District Judge